# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action 08-1675 |
| v. ) | Judge Fischer |
| ) | Magistrate Judge Bissoon |
| JEFFREY BEARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff's amended complaint (Doc. 40) be dismissed without prejudice with respect to Defendants Cowan, Workman, LeMasters, Price, Gent, John/Jane Does mail inspectors #1-5, Manchyk, Rogers, Pollock, Walker, Lindley, Grainey, Macknair, Perez, Valko, Dietz, and the Bureau of Treatment Services ("New Defendants") for failure to comply with this Court's order of June 24, 2010 (Doc. 43), and text order of July 7, 2010.

### II. REPORT

Nathan Riley ("Plaintiff") presently is incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), in Waynesburg, Pennsylvania. The current civil action commenced on December 11, 2008, with the filing of Plaintiff's initial complaint (Doc. 4). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on December 10, 2010 (Doc. 2). Defendants named in the initial complaint moved for partial dismissal on November 2, 2009 (Doc. 22). This motion was denied without prejudice (Doc. 39) after Plaintiff filed a motion to amend his complaint (Doc. 37).

Plaintiff's amended complaint was filed on May 11, 2010. (Doc. 40). In this document, Plaintiff for the first time raised claims against New Defendants. Plaintiff sought, and received, an extension of time to provide service copies of the amended complaint, along with U.S. Marshal 285 forms and notice and waiver of summons forms. (Doc. 45). However, Plaintiff failed to provide them by the deadline of October 9, 2010. See Text Order of July 7, 2010. On November 22, 2010, Plaintiff was ordered to show cause why his amended complaint should not be dismissed with respect to New Defendants for failure to comply with this Court's orders of June 24, 2010 (Doc. 43), and July 7, 2010. (Doc. 59). As of the date of this Report, Plaintiff has failed to provide the required documents; however, Plaintiff has responded to the order to show cause by arguing that his poverty should excuse him from being required to provide these documents. See (Doc. 61). For the reasons stated below, this argument is unpersuasive.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper. They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the

effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the orders set forth above at his current place of incarceration. The responsibility for his failure to respond to the order in question is Plaintiff's alone.

(2) Prejudice to the adversary.

The complaint has not yet been served on New Defendants. As such, there is no indication that Defendants have been prejudiced.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward with respect to New Defendants, and has ignored the orders of this Court. This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect[,]" Poulis, *supra*. Additionally, Plaintiff, pleading poverty, has sought an order from this Court on at least three prior occasions shifting the costs of this litigation to other parties. See, e.g., (Docs. 9, 11, and 29). It was Plaintiff's choice to initiate this lawsuit, and Plaintiff is well aware that he is required to bear his own expenses – at least initially. See Tabron

3

v. Grace, 6 F.3d 147, 158-60 (3d Cir. 1993). The conclusion that Plaintiff's failure to comply with the above-mentioned orders is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and *in forma pauperis*. Thus, any sanction imposing costs or fees upon Plaintiff would be ineffective as a sanction.

(6) Meritoriousness of Plaintiff's case.

At this stage in the litigation, it is unclear whether Plaintiff's amended complaint provides a sufficient basis for liability against New Defendants under 42 U.S.C. § 1983. Thus, this factor is neutral.

Four out of the six Poulis factors weigh heavily in favor of dismissal. Consequently, this Court respectfully recommends that Plaintiff's failure to comply with this Court's order of June 24, 2010 (Doc. 43), and text order of July 7, 2010, warrants dismissal of New Defendants from the instant lawsuit.

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's amended complaint (Doc. 40) be dismissed without prejudice with respect to New Defendants.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 18, 2011. Failure to file objections by this date may constitute a waiver of any appellate rights.

January 4, 2011                                       s/Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States Magistrate Judge

**cc:**
**NATHAN RILEY**-CT-8571
SCI Greene
175 Progress Drive
Waynesburg, PA 15370