# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN RILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION No. 08-1675 ) Judge Fischer ) Magistrate Judge Bissoon |
| JEFFREY A. BEARD, *et al.*, | ) ) |
| Defendants. | ) |

## ORDER

Plaintiff Nathan Riley ("Plaintiff") is a State prisoner currently housed at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania. Plaintiff brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that Defendants violated his rights under the First Amendment, as well as the Due Process and Equal Protection Clauses of the Fourteenth Amendment. See generally Am. Compl. (Docket No. 40). Plaintiff also raises claims under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, as well as various state law claims.

On March 29, 2011, this Court issued a memorandum opinion[1] (Docket No. 63) and an order (Docket No. 64) dismissing some of Plaintiff's claims with prejudice, dismissing some without prejudice, and allowing some to proceed past the motion to dismiss stage. Plaintiff was granted leave to amend his complaint with respect to those claims that were dismissed without prejudice. (Docket No. 64 at 2).

---

[1] This document includes a thorough recitation of Plaintiff's lengthy factual allegations and numerous legal claims. See (Docket No. 63 at 2 – 17).

On April 25, 2011, Plaintiff filed notice with this Court of his appeal from the above-mentioned order. (Docket No. 66). On June 28, 2011, Plaintiff filed the instant motion, in which he moved this Court to grant final judgment on the claims that were dismissed. (Docket No. 69). His rationale for filing the motion is that he received a letter from the court of appeals informing him that his appeal may be interlocutory in nature, which would prevent jurisdiction from vesting in that court. Id. ¶ 3.

Federal Rule of Civil Procedure 54(b) provides as follows:

> (b) Judgment on Multiple Claims or Involving Multiple Parties.
>
> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Court of Appeals for the Third Circuit has explained that the purpose of this Rule is "'to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.'" Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006) (quoting Allis-Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360, 363 (3d Cir. 1975)). In general, "certification pursuant to this rule is not to be entered routinely." Glaziers v. Newbridge Secs., Inc., 823 F.Supp 1188, 1190 (E.D.Pa. 1993). Indeed, the court of appeals cautions that the district courts should be conservative in their

invocation of Rule 54(b), as it puts the district court in the position of effectively controlling the docket of the higher court. Gerardi v. Pelullo, 16 F.3d 1363, 1372 (3d Cir. 1994).

The certification of a final decision under this Rule requires two separate findings. First, a court must conclude that the decision being certified is "a final judgment, meaning the 'ultimate disposition of an individual claim entered in the course of a multiple claims action[.]'" Bane v. City of Phila., No. 09-2798, 2010 WL 3420121, at *2 (E.D.Pa. Aug. 25, 2010) (quoting Curtiss-Wright Corp v. Gen Elec. Co., 446 U.S. 1, 7 – 8 (1980)). Second, there must be "'no just reason for delay,' taking into account both judicial administrative interests and the equities involved." Bane, 2010 WL 3420121, at *2 (quoting Curtiss-Wright, 446 U.S. at 8); see also Gerardi, 16 F.3d at 1371. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Curtiss-Wright, 446 U.S. at 8.

With respect to the second element of the above test, the court of appeals has set forth five factors to be considered by a district court when determining whether there is a "just reason for delay." These are:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Berckeley, 455 F.3d at 203 (quoting Aliss-Chalmers, 521 F.2d at 364).

3

Applying this standard to the claims dismissed without prejudice from Plaintiff's case, it is clear that the "ultimate disposition" of these claims has not been made. Plaintiff has been given leave to amend (or to comply with orders of the court that he has chosen to disregard, see (Docket No. 59)), and has even indicated his intent to do so in filings with this Court. See Pl.'s Mot. for Extension of Time (Docket No. 65). Thus, these claims may not be certified for appeal under Rule 54(b).

Assuming, *arguendo*, that the claims that were dismissed with prejudice satisfy the first prong of the Rule 54(b) test, this Court concludes that just reasons exist for delaying their presentation to the court of appeals. Specifically, Plaintiff's Free Exercise claims, as well as his claims for damages under RLUIPA – which were both dismissed – are factually intertwined with his claims for injunctive relief under RLUIPA, which survived dismissal. The same is true with respect to the surviving claims regarding his alleged administrative confinement, and those claims involving (1) the Due Process Clause; (2) the Eighth Amendment; and (3) his state law claims – which were dismissed. Plaintiff's mail claims and access to the courts claims are also intertwined with his supervisory claims, as well as claims that were dismissed without prejudice. Plaintiff's claims involving the denial of his administrative grievances, as well as the claims that he makes against supervisory Defendants, are factually intertwined with all of the above-mentioned claims.

Given the degree to which Plaintiff's surviving claims are interrelated to those that were dismissed with prejudice, this motion clearly runs afoul of the first and third factors of the Berckeley test, and implicates the second as well. See Gerardi, 16 F.3d at 1372 (cautioning courts against "certifying as final a judgment on a claim which is not truly distinct from the claims on remaining issues"). Plaintiff has provided no arguments that "no just reason" exists

4

for delaying his appeal, and an independent review of the record shows that there are many just reasons for doing so. Accordingly, Plaintiff's motion will be denied.

AND NOW, this 7th day of July, 2011,

IT IS HEREBY ORDERED that Plaintiff's Motion for Final Judgment, Nunc Pro Tunc (Doc. 69) is DENIED.

BY THE COURT:

s/Nora Barry Fischer
NORA BARRY FISCHER
UNITED STATES DISTRICT JUDGE

cc:
**NATHAN RILEY**
CT-8571
SCI Greene
175 Progress Drive
Waynesburg, PA 15370