IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN RILEY, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 08-1675 |
| ) | Judge Nora Barry Fischer/ |
| LOUIS S. FOLINO, Superintendent, ) | Magistrate Judge Maureen P. Kelly |
| State Correctional Institution Greene; L. ) | |
| WINFIELD, Major-C.O. 5, State ) | |
| Correctional Institution Greene; T. D. ) | |
| JACKSON, Deputy Superintendent – SCI - ) | |
| Greene; BRENDA MARTIN, Unit ) | |
| Manager – SCI – Greene; MICHAEL ) | |
| SMITH, Acting Corrections Classification ) | |
| Program Manager – SCI – Greene; ) | |
| ROBERT McCOMBIE, Corrections ) | |
| Activity Manager I at SCI – Greene; ) | |
| BRIAN COLEMAN, Deputy ) | |
| Superintendent of Facility Management - ) | |
| SCI – Greene; LAUREL HARRY, Unit ) | |
| Manager at SCI – Greene; CARLA ) | |
| SWARTZ, Unit Manager at SCI – Greene; ) | |
| JEFFREY MARTIN, Deputy ) | |
| Superintendent of Facility Management ) | |
| SCI – Greene; STEVE CRISTINI, ) | |
| Corrections Counselor, I, SCI – Greene; ) | |
| DONNA NICKOLAS, Correctional ) | |
| Counselor, II, SCI – Greene; IMAM ) | |
| ABUBAKAR MUHAMMAD, Acting ) | |
| FCPD – SCI – Greene; MARK CAPOZZA, ) | |
| Deputy Superintendent of Centralize ) | |
| Service – SCI – Greene, ) | |
| Defendants. ) | |

## REPORT AND RECOMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Amended Complaint in the above-captioned case,

ECF No. 79, be dismissed for failure to prosecute.

## II. REPORT

Plaintiff Nathan Riley initiated this civil rights action on December 8, 2008 -- over three years ago -- bringing claims against twenty-seven different defendants alleging that they violated his rights under the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendments to the United States Constitution. ECF No. 4. Plaintiff also raised claims under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, as well as various State law claims. Id.

Over the course of the next seventeen months, Plaintiff filed three motions seeking additional time to make service and/or to suspend the service date, ECF Nos. 10, 11, 18, and three motions for an extension of time to respond to the Motion to Dismiss filed by Defendants on November 2, 2009, after service had been perfected. ECF Nos. 26, 28, 30. See ECF No. 22. Plaintiff's response to Defendants' Motion to Dismiss was ultimately filed on April 30, 2010, yet, at the same time, Plaintiff sought, and was granted, leave to file an Amended Complaint. ECF Nos. 37, 39. Plaintiff filed an Amended Complaint on May 11, 2010, adding twenty-one new defendants. ECF No. 40. Plaintiff then sought, and received, an extension of time to provide service copies of the Amended Complaint, U.S. Marshal 285 forms, and notice and waiver of summons forms so that the Amended Complaint could be served. ECF 45. Plaintiff, however, failed to provide the requisite paperwork by the October 9, 2010 deadline and, on November 22, 2010, the Court issued an Order to Show Cause why the case should not be dismissed as to those defendants for failing to provide the Marshal's Office with the proper forms for service. See Text Order of July 7, 2010; ECF No. 59. Plaintiff responded to the Show Cause Order on December 17, 2010, arguing that poverty should excuse him from the requirement of providing

these documents. ECF No. 61. In a Report and Recommendation filed on January 4, 2011, then Magistrate Judge Cathy Bissoon found Plaintiff's argument unpersuasive and recommended that the Amended Complaint be dismissed as against the newly added defendants for failing to comply with the Court's orders regarding service. The Report and Recommendation was adopted as the Opinion of the District Court on March 29, 2011, and, thus, Defendants Cowan, Workman, LeMasters, Price, Gent, John/Jane Does mail inspectors #1-5, Manchyk, Rogers, Pollock, Walker, Lindley, Grainey, Macknair, Perez, Valko, Dietz, and the Bureau of Treatment Service were dismissed from the case. ECF No. 64.

In the interim, on July 23, 2010, the Defendants who had been served with the Amended Complaint filed a Motion to Dismiss the Amended Complaint, ECF No. 50, to which Plaintiff, after receiving an extension of time within which to do so, responded on September 7, 2010. ECF Nos. 57, 58. In a detailed Memorandum Opinion and accompanying Order, the Court dismissed *with* prejudice the majority of Plaintiff's claims, which resulted in Defendants Beard, Reisinger, Scott, Tanner, Mark, Davis, Watson, Geehring and Varner being terminated from the case. ECF Nos. 63, 64. Plaintiff's remaining three federal claims were dismissed *without* prejudice to filing an amended complaint with respect to those claims within twenty-one days of the date of the order. Plaintiff was therefore limited to filing an amended complaint with respect to the following claims:

    1. Plaintiff's Fourteenth Amendment claim against Defendant Winfield based on his "impartial tribunal" theory;

    2. Plaintiff's Equal Protection claims based on his administrative segregation; and

    3. Plaintiff's retaliation claims.

ECF No. 64. In addition, the Court expressly advised Plaintiff that failure to file an Amended Complaint as ordered "will result in these claims being dismissed with prejudice." ECF No. 64.

Following three extensions of time, totaling seven months, Plaintiff filed a second Amended Complaint on November 17, 2011. ECF No. 79. In response, Defendants filed another Motion to Dismiss to which Plaintiff was ordered to respond by January 5, 2012. ECF Nos. 82, 85. On January 4, 2012, Plaintiff filed a motion for enlargement of time of ninety days to amend and supplement his complaint as a means of responding to Defendants' Motion to Dismiss. ECF No. 86. On January 5, 2012, the Court issued an Order finding that Plaintiff had not shown good cause for such a lengthy extension but granted Plaintiff an additional forty days, or until February 14, 2012, to file a response to Defendants' Motion to Dismiss. ECF No. 87. Noting that the case was already over three years old and that Plaintiff was granted leave to file an amended complaint only with respect to three specific claims, the Court denied Plaintiff's motion to the extent Plaintiff sought to file yet another amended complaint raising additional claims.

Nevertheless, on February 16, 2012, Plaintiff filed a "Cross-Motion to Amend and Supplement the Complaint," a forty-nine page document that is clearly a new complaint that goes beyond the claims that Plaintiff was given leave to amend. ECF No. 88. Indeed, Plaintiff has not only raised additional claims but brings claims against Defendants that have already been terminated from this suit. As such, on February 17, 2012, Plaintiff's amended complaint was stricken from the record as improvidently filed and Plaintiff was again given additional time, or until February 29, 2012, to file a response to Defendants' Motion to Dismiss. ECF No. 90.

4

Plaintiff failed to file a response by that date and on March 16, 2012, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute, returnable on March 30, 2012. EFC No. 93. On April 2, 2012, Plaintiff filed a Reply to the Show Cause Order in which he verifies that, in contravention to this Court's Orders, he was attempting to respond to Defendants' Motion to Dismiss by filing an amended and/or supplemental complaint in order to add back in those defendants who had been dismissed without prejudice and to add new claims. ECF No. 94.

In summary, this case is now three years, four months and one week old and is still at the motion to dismiss stage of the proceedings largely because of Plaintiff's repeated requests for additional time to comply with Court orders and, most recently, because of his complete failure to comply with such orders.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

>                (6)     The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Orders and weigh heavily against him.  Plaintiff's repeated failure to respond to Defendants' Motion to Dismiss as ordered by the Court was not only solely his personal responsibility but his failure to do so even at this juncture -- two months later -- appears willful and constitutes a history of dilatoriness.  Moreover, rather than respond to Defendants' Motion to Dismiss, Plaintiff filed an amended complaint raising new claim against new defendants in direct contravention to this Court's express order.  Having struck the amended complaint as improvidently filed, Plaintiff was given yet another opportunity to respond to Defendants' Motion to Dismiss -- his third -- which he has still failed to do.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- the prejudice is huge.  Not only have Defendants had to bear the expense of filing three motions to dismiss, but it cannot be disputed that the delay of over three years since this case was initiated, while Plaintiff has prohibited this case from moving forward by repeatedly seeking extensions of deadlines and, now, failing to comply with two Court Orders, has negatively impacted Defendants' ability to defend themselves in this action.

Further, while the meritoriousness of the claim -- factor number six -- will be weighed neither in favor nor against Plaintiff, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate.  Moreover, Plaintiff's repeated inability to respond promptly to Court orders and his recent failure to comply with two Court's Orders directing him to file a

response to Defendants' Motion to Dismiss, demonstrates that Plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections will constitute a waiver of any appellate rights.  Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983).  See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,


/s/Maureen P. Kelly
United States Magistrate Judge


Dated: April 17, 2012

cc: Nathan Riley
 CT-8571
 175 Progress Drive
 SCI Greene
 Waynesburg, PA 15370

 Counsel of Record Via CM-ECF